THOMAS W. DAVIS, appellant,

*v.*

JACOB F. CLARK, respondent.

1. The vendee of land cannot claim, in a foreclosure suit, a deduction from the mortgage-money, on the ground that his vendor, who was not the mortgagor, misstated the number of acres of the land conveyed, and that the vendor of such vendor, who was the mortgagee and complainant, when he sold such lands, made a similar misstatement.

2. To authorize such deductions, the mortgagee and the owner must be privies in contract.

3. A sold a farm to B, misstating the number of acres, taking a mortgage for part of consideration. B sold, making a similar misstatement, to C who assumed payment of the mortgage.—*Held*, on a foreclosure by A, that C, could not set up these facts in order to offset his damages against the mortgage.

On appeal from a decree of the chancellor, reported in *Clark* v. *Davis, 5 Stew. Eq. 530.*

*Mr. P. L. Voorhees* and *Mr. James Wilson,* for appellant.

I. The mortgage sought to be foreclosed in this case is for part of the purchase-money of the mortgaged premises, conveyed by the respondent as a farm containing two hundred and forty-four acres, when in fact, and as it was afterwards discovered and ascertained, it only contained about two hundred and twenty-two acres.

II. The appellant is entitled to relief in this case on the answer filed by him, without filing a cross-bill. *O'Brien* v. *Hulfish, 7 C. E. Gr. 473, 476, 477; Dayton* v. *Melick, 12 C. E. Gr. 362, 5 Stew. Eq. 570.*

III. The appellant is entitled to the defence set up in his answer, and to have the mortgage debt of the respondent reduced proportionate to the difference between the contents of the mortgaged premises, as represented at the time of the conveyance by the respondent, and the true and actual contents thereof, as afterwards ascertained.  *1 Story Eq. Jur.* §§ *141, 152, 156, 193 ; 2 Jones on Mort.* § *1506 ; Bingham* v. *Bingham, 1 Ves. sen. 126 ; Cocking* v. *Pratt, 1 Ves. sen. 400 ; Calverley* v. *Williams, 1 Ves. jun. 210 ; Hill* v. *Buckley, 17 Ves. 401 ; Champlin* v. *Layton,· 6 Paige 189, 18 Wend. 407 ; Belknap* v. *Sealey, 2 Duer 570 ; Quesnell* v. *Woodlief, 2 Hen. & Munf. 173, note ; Nelson* v. *Matthews, 2 Hen. & Munf. 164 ; Harrison* v. *Talbot, 2 Dana 258 ; Miller* v. *Chetwood, 1 Gr. Ch. 199 ; Coster* v. *Monroe Mfg. Co., 1 Gr. Ch. 467 ; Blair* v. *McDonough, 1 Hal. Ch. 327 ; Course* v. *Boyles, 3 Gr. Ch. 212 ; Hopper* v. *Lutkins, 3 Gr. Ch. 149 ; Waldron* v. *Letson, 2 McCart. 126 ; Weart* v. *Rose, 1 C. E. Gr. 290 ; State* v. *Jersey City, 6 Vr. 381 ; Cummins* v. *Wire, 2 Hal. Ch. 73 ; Miller* v. *Brolasky, 4 Hal. Ch. 626, 789, 1 Stock. 806.*

*Mr. M. P. Gray* and *Mr. A. Browning,* for respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

The essential facts of this case may be thus stated : Clark, the respondent, was the owner of a certain tract of land, which he sold and conveyed to one Josiah Davis, taking from him a mortgage for a part of the consideration.   Josiah Davis sold and conveyed these same premises to Thomas W. Davis, who is the appellant, and who, in part payment of the price agreed on, assumed this mortgage.   The bill was for the foreclosure of the mortgage thus assumed.   The defence to such proceeding is, that the quantity of land, in a material degree, was misrepre·sented, first on the sale of such land by Clark to Josiah Davis, and second, by the latter on his sale to the appellant, the con-

Davis *v.* Clark.

tention being that, to the extent of such deficiency, there should be a rebate from the sum due on the mortgage.

But such a contention has neither precedent nor principle to rest upon. The flaw in the position is, that there is no privity of contract between the appellant and the respondent touching the quantity of land in question. The effort, therefore, is to recoup the damages, as against this mortgage, arising from the breach of a contract to which the appellant was not a party, and is not a privy. If, in point of fact, the respondent, when he sold this property to Josiah Davis, misstated the number of acres contained in the tract, so as to render himself answerable in a suit, such right of action has not passed to the appellant, by the conveyance of the premises by Josiah to him, for there is no covenant in the deed, to that effect, running with the land. When such covenant exists, an offset of the kind now claimed may be made, and such effect is plainly justifiable, on the principle that as the covenant runs with the land, it creates a privity of contract between the subsequent grantee of the premises and the original grantor. Such was the ground of decision in the case of *Coster* v. *Monroe Mfg. Co., 1 Gr. Ch. 467.* But, as has been said, such conventional relationship is, in the present case, entirely wanting. If the respondent has broken his contract with Josiah Davis, it is for him to vindicate his rights, for he has never transferred to this appellant the right to represent him in this respect. For it is confounding all legal ideas to assert that because Josiah Davis, on his part, has subsequently, and in a completely independent transaction, broken a similar contract made with the appellant, that thereby a right of action accrued to the latter, not only against Josiah Davis, but likewise against the grantor of Josiah Davis, with whom he has no connection, by way of stipulation, either directly or indirectly. If Josiah Davis has injured the appellant, by means of breaking his contract or otherwise, he is answerable to him for the resulting damage, but from such liability it is impossible to deduce a transfer by the former of a right of action which he has against a third party. Besides, if such a transmission of a cause of action could, by any possibility, be implied, it is obvious that

Davis *v.* Clark.

in a proceeding enforcing such a right, Josiah Davis would be a necessary party. For if, in this action, to which Josiah Davis is not joined, it should be found that the respondent had broken his bargain with him, and if the appellant should be permitted to offset, against the money due on this mortgage, the damage so resulting, it is undeniable that Josiah Davis would not be bound in any degree by such a result, and he would be at liberty, unaffected by such decree, to prosecute the respondent on the same ground, for any loss sustained by him. So, a decree in the respondent's favor on the issue in this suit, whether he violated his agreement with Josiah Davis, would be no bar against an action for the same cause by the latter. The attempt to invest the appellant with the right claimed is not only inconsistent with correct principle, but is full of consequential crudities.

It will be found, upon looking into the authorities, that the doctrine which prevails in equity by force of which a deduction is allowed to be made from the moneys due on a mortgage, by reason of damages having been sustained by a deficiency in the stipulated quantity of land conveyed, is the effect of the equitable principle that in a court of chancery the vexation of a circuity of action will be obviated as far as practicable. Where the mortgagee is liable to the mortgagor for damages in consequence of the failure of the land to come up to the represented acreage, an offset of such damages will be allowed in a foreclosure of a mortgage given for the price of the land. In such a situation, the stipulation as to the number of acres is an independent term from the stipulation for the payment of the price, and the offset alluded to is made by way of recoupment and in order to lessen the litigation. It is on this ground that the decisions rest, and no case has been referred to, that carries the doctrine beyond the point of permitting such offset in cases in which the mortgagee has a right of action against the mortgagor. And in this case no such right of action exists.

Let the decree be affirmed.

*Decree unanimously affirmed.*